[No. 21913.   Department Two.   April 3, 1930.]

FRED M. WEIL et al., Respondents, v. F. M. JORDAN et al., Appellants.[1]

[1]Reported in 286 Pac. 662.

*F. C. Kapp*, for appellants.

*James Collins Lloyd*, for respondents.

FULLERTON, J.—On August 12, 1925, the respondents Weil were the owners of approximately one hundred and sixty acres of land situated in Grant county in this state. On that date they contracted to sell the land to the appellants Jordan. The contract was in writing. The purchase price agreed upon was $8,000, to be paid in the manner following: $1,500 on the execution of the contract; $2,166.66 on or before one year after the date of the contract; $2,166.66 on or before two years after the date of the contract; and $2,166.66 on or before three years after the date of the contract; with interest at the rate of seven per cent per annum on all deferred payments. The contract contained the following provisions:

"The parties of the first part covenant and agree with the party of the second part that upon the payment of each sum of one thousand dollars ($1,000) on the principal of said purchase price in addition to the initial payment of fifteen hundred dollars ($1500), hereby receipted for, the parties of the first part will execute and deliver a good and sufficient deed, with full covenants of warranty subject to any liens and incumbrances suffered or created subsequent to the date of this contract by the party of the second part, conveying to the party of the second part any twenty-acre tract of the hereinbefore described premises selected by the party of the second part, provided that after the selection of the first of said twenty-acre tracts the rest of the twenty-acre tracts selected shall be contiguous to that or those previously selected and provided that at the times of each of said additional payments of one thousand dollars ($1,000) the party of the second part shall have fully complied with the terms and conditions of this contract to be performed by him up to and including the times of each of said payments respectively, and provided that each of said

payments of one thousand dollars ($1,000) on the principal of the purchase price so made on account of which a twenty-acre tract shall be conveyed shall be credited two-thirds on the then due or next payment of the principal hereunder and one-third on the then last payment due hereunder, and that whenever the said party of the second part shall have fully complied with the terms and conditions of this contract, and shall have paid to the said parties of the first part the payments as before referred to, the parties of the first part shall execute a good and sufficient deed to the remainder of said premises still remaining unconveyed, with full covenants of warranty, subject to any liens and incumbrances suffered or created subsequent to the date of this contract by the party of the second part, and deliver same to the party of the second part, or his recognized assigns, to the parties of the first part, such deed to be accompanied by abstract of title, showing merchantable title in the first parties to the lands therein conveyed. . . .

"In case of failure on the part of the party of the second part to fully comply with any and all of the terms and conditions of this agreement, or in case of failure of the party of the second part to make the payments as herein set forth at the time when the said payments fall due, time being of the essence of this contract, the parties of the first part shall have the right and power to cancel this contract, at their option, upon sixty days' written notice to the party of the second part addressed to him at Seattle, Washington, in which event any and all payments made, and all improvements made, shall be kept as liquidated damages by the parties of the first part and the party of the second part, in such event, disclaims any interest in the property herein mentioned, and in any and all payments made, and in such event shall give up immediate peaceable possession of the premises to the said parties of the first part. However, nothing contained in this forfeiture clause shall impair any other remedy which the parties of the first part may have, at law or in equity, for any breach of this contract on the part of the party of the second part."

The contract purchaser made the initial payment of $1,500, and the installment payment falling due at the end of the first year, and also paid the interest then accrued. On August 11, 1927, the day before the second of the deferred installments became due, the appellants tendered to the respondents the sum of $1,000, and demanded a deed to three twenty-acre tracts of the land described in the contract of purchase, selecting tracts contiguous to each other and specifically describing them. The respondents refused to accept the tender or comply with the demand. Nor did they offer to convey either of the selected tracts singly. The appellants did not make the installment payment falling due on the following day, and later on the respondents served a notice of forfeiture on them. The appellants did not yield possession of the land or otherwise recognize the notice, whereupon the respondents commenced the present action, as an action of equitable cognizance, alleging a breach of the contract of sale on the part of the appellants, and asking that a forfeiture of the contract be decreed, and that their title to the property be quieted as against any claim on the part of the appellants.

The appellants answered the complaint, in which answer they admitted that they had not paid the second of the installments, but alleged as an excuse therefor that the respondents had themselves breached the contract prior to the time of the default, in that the respondents had not deeded to them the three twenty-acre tracts in compliance with their tender and demand. On the trial of the issues between the parties, the trial court held that the appellants were not entitled to the deed demanded, and that in consequence the breach of the contract was on the part of the appellants and not on the part of the respondents. The court did not, however, at once decree a forfeiture. It

found that the appellants had made the contention in good faith, and, in the exercise of its equity powers, gave the appellants sixty days in which to make the payments necessary to restore the contract to good standing. The appellants did not make the payments, and after the expiration of the period, the fact being made to appear to the court, it entered a decree in accordance with the prayer of the complaint. It is from this decree that the present appeal is prosecuted.

The controversy in this court is over the construction of the contract of sale. It is the appellants' contention that, under the terms of the contract, they were entitled to a conveyance of a twenty-acre tract of the land on the payment of each $1,000, after the initial payment of $1,500, regardless of the fact whether the sum was paid on the installments as they matured or as a further and additional payment, and that on the tender of the additional $1,000, while the contract was in good standing, they were entitled to the conveyance demanded. It is the contention of the respondents that, to entitle the appellants to a conveyance to any single twenty-acre tract, they must pay the sum of $1,000 in addition to the sums falling due under the terms of the contract, and argue that it was not a breach of the contract for them to refuse to comply with the demand for a conveyance of three twenty-acre tracts, when the appellants were at most entitled to a conveyance of but one such tract.

The contract is, it must be conceded, ambiguous in these respects, and a plausible argument can be made in support of either of the discordant interpretations. But, as we view the situation, it would serve no useful purpose to determine the question. All of the installment payments provided by the contract are now due, and were so due at the time the appellants were able to perfect their appeal for hearing in this court.

Conceding that their interpretation of the contract is the correct one, the utmost relief to which the equities of the case would entitle them is a reasonable time in which to make the payments. And to this much we think they are entitled. Even under the respondents' construction of the contract, the appellants were entitled to a conveyance of one twenty-acre tract on the payment of the additional $1,000, and equity and good conscience require that the respondents tender them this much before declaring a forfeiture. By demanding too much, a party does not usually waive that to which he is justly entitled, and since the default was not entirely upon the part of the appellants, and since they have paid a goodly part of the purchase price which will be lost to them by a forfeiture, it is no more than just that they be given a chance to pay the remainder of the purchase price before being finally foreclosed of the benefits of the contract.

Our order will be therefore that the cause be remanded to the superior court with instructions to allow the appellants sixty days after the time the remittitur of this court reaches that court in which to pay into court all the sums now due on the contract with interest at the contract rate. If payment is made within the stated period, the court shall set aside its decree and take such proceedings as will perfect the title to the property in the appellants. If the payment is not made, the court will so find and enter an order confirmatory of its decree. The costs of the proceedings in the trial court shall be subject to the order of that court. Neither party will recover costs in this court.

MITCHELL, C. J., MAIN, FRENCH, and HOLCOMB, JJ., concur.